United States District Court
Southern District of Texas
**ENTERED**
October 14, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FAUSTINO JAVIER ABUNDIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-0953 |
| | § | |
| ALLSTATE TEXAS LLOYD'S, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Faustino Javier Abundis ("Plaintiff") seeks damages from defendant Allstate Texas Lloyd's ("Defendant") for failure to promptly pay a claim under the Texas Prompt Payment of Claims Act ("TPPCA"), Tex. Ins. Code §§ 542.058 and 542.060.[1] Pending before the court are Defendant's Motion for Summary Judgment ("Defendant's MSJ") (Docket Entry No. 21), Defendant's Reply in Support of Its Motion for Summary Judgment ("Defendant's Reply") (Docket Entry No. 25), and Plaintiff's Response. For the reasons explained below, Defendant's MSJ will be granted.

---

[1] Plaintiff's Second Amended Petition ("Second Amended Petition"), Exhibit W to Defendant Allstate Texas Lloyd's Notice of Removal ("Notice of Removal"), Docket Entry No. 1-25, pp. 4-5; Plaintiff's Response to Defendant's Motion for Summary Judgment ("Plaintiff's Response"), Docket Entry No. 24, p. 5. All page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

## I. Factual and Procedural Background

The relevant facts are not disputed. On June 12, 2017, Plaintiff reported a claim for damage to his house from a weather event occurring on or about June 5, 2017.[2] At the time of loss, Plaintiff's house was insured under an Allstate Homeowners Policy for $280,000.[3] Defendant scheduled an inspection of the property.[4] An adjuster inspected the property on June 19, 2017, and found no storm-related damage.[5] On August 31, 2017, Plaintiff requested a second inspection.[6] Defendant granted this request and sent a second adjuster to inspect on September 11, 2017.[7] This inspector also found no storm-related damage to the property.[8] He explained his findings to Plaintiff and advised that no policy coverage existed.[9] Defendant heard nothing further from Plaintiff until it received a letter of representation from Plaintiff's attorneys.[10]

---

[2]Allstate Claim Activity File Notes Excerpts, Exhibit A-1 to Defendant's MSJ, Docket Entry No. 21-1, p. 9.

[3]Certified Copy of Plaintiff's Homeowners Policy ("Policy"), Exhibit A-10 to Defendant's MSJ, Docket Entry No. 21-1, pp. 111, 116.

[4]Affidavit of Charles Jepson ("Jepson Affidavit"), Exhibit A to Defendant's MSJ, Docket Entry No. 21-1, p. 6.

[5]Id. ¶ 6.

[6]Id.

[7]Id.

[8]Id.

[9]Id.

[10]Id.

On April 27, 2018, Plaintiff filed suit against Defendant in the 190th Judicial District Court of Harris County, Texas.[11] Plaintiff asserted (i) breach of contract, (ii) violation of the Texas Prompt Payment of Claims Act, (iii) bad faith under the Deceptive Trade Practices Act ("DTPA"), and (iv) reasonable and necessary attorney's fees under the Texas Civil Practice and Remedies Code §§ 38.001-38.003.[12] In his Original Petition Plaintiff sought less than $75,000 in damages, thus foreclosing federal diversity jurisdiction.[13]

On July 25, 2018, after receipt of Plaintiff's Texas Insurance Code § 542A notice letter, Defendant sent a third adjuster to inspect Plaintiff's property.[14] This adjuster, like the first two, found no evidence of storm-related damage.[15] The adjuster explained his findings to Plaintiff and issued a denial letter on July 26, 2018.[16] Defendant did not issue any payment.

On March 7, 2019, Plaintiff filed an amended petition in the 190th Judicial District Court of Harris County, Texas, this time

---

[11]Plaintiff's Original Petition ("Original Petition"), Exhibit E to Notice of Removal, Docket Entry No. 1-7, p. 5.

[12]Id. at 7-10.

[13]Id. at 6 ¶ 4.

[14]Jepson Affidavit, Exhibit A to Defendant's MSJ, Docket Entry No. 21-1, p. 6 ¶ 6.

[15]Id.

[16]Allstate Denial Letter, Exhibit A-3 to Defendant's MSJ, Docket Entry No. 21-1, p. 87.

seeking over $200,000 in monetary relief.[17]  On March 14, 2019, Plaintiff filed a second amended petition, again seeking over $200,000.[18]  Defendant timely removed the action to this court on the basis of diversity jurisdiction.[19]

The "Appraisal" condition of Plaintiff's Homeowners Policy provided that should Plaintiff and Defendant fail to agree on the amount of loss, either party may make a written demand for appraisal.[20]  Each party would select an appraiser, who in turn would select an umpire to resolve any differences between their evaluations—a written award agreed upon by any two would determine the amount of the loss.[21]  On July 12, 2019, Plaintiff demanded appraisal of the damage to his property.[22]  Plaintiff and Defendant each designated an appraiser.[23]  The appraisers inspected the property and, when they could not reach an agreement on the value

---

[17]Plaintiff's Amended Petition, Exhibit U to Notice of Removal, Docket Entry No. 1-23, p. 3.

[18]Second Amended Petition, Exhibit W to Notice of Removal, Docket Entry No. 1-25, p. 3.

[19]Notice of Removal, Docket Entry No. 1, p. 1 ¶ 3.

[20]Certified Copy of Plaintiff's Homeowners Policy ("Policy"), Exhibit A-10 to Defendant's MSJ, Docket Entry No. 21-1, p. 120 ¶ 11-d.

[21]Id. at 119-120 ¶ 7.

[22]Plaintiff's Appraisal Demand, Exhibit A-6 to Defendant's MSJ, Docket Entry No. 21-1, pp. 96-98.

[23]See id.; see also Allstate's Appraiser Designation, Exhibit A-7 to Defendant's MSJ, Docket Entry No. 21-1, p. 100.

of the loss, selected an umpire.[24] On February 25, 2020, Defendant received the appraisal award signed by Plaintiff's appraiser and the umpire setting the amount of loss for the dwelling at $11,712.73 on a replacement cost basis and $8,199.24 on an actual cost basis.[25]

On February 28, 2020, Defendant notified Plaintiff that Defendant was paying the replacement cost value of the appraisal award.[26] Defendant's correspondence stated that Defendant was making the payment to resolve a disputed claim and the litigation.[27] On February 28, 2020, Defendant issued payment for the appraisal award.[28] After deducting Plaintiff's $2,800 deductible, Defendant issued Plaintiff a check for $8,912.73.[29] Defendant also issued Plaintiff a second check for $4,092.04 to cover any additional interest that Plaintiff might be owed.[30] Plaintiff has never

---

[24] Jepson Affidavit, Exhibit A to Defendant's MSJ, Docket Entry No. 21-1, p. 6 ¶ 8.

[25] Appraisal Award, Exhibit A-8 to Defendant's MSJ, Docket Entry No. 21-1, p. 104.

[26] Jepson Affidavit, Exhibit A to Defendant's MSJ, Docket Entry No. 21-1, p. 6.

[27] Allstate Correspondence Re: Payment of Appraisal Award, Exhibit A-5 to Defendant's MSJ, Docket Entry No. 21-1, p. 94.

[28] Allstate Checks/Check Details, Exhibit A-9 to Defendant's MSJ, Docket Entry No. 21-1, pp. 106-109.

[29] Id. at 106.

[30] Id. at 108.

disputed that the appraisal award was sufficient to cover the loss, or that the second check was sufficient to cover any interest that Defendant might have owed.

On or about March 24, 2020, Defendant sent Plaintiff a Federal Rule 68 Offer of Judgment, offering to pay Plaintiff $10,000 "for which final judgment may be entered by [Plaintiff] for all claims and causes of action against [Defendant] as alleged in this litigation, including all claims for monetary damages, Plaintiff's attorneys' fees, exemplary damages, statutory penalties, interest and costs then accrued."[31] Plaintiff refused this offer.[32] Plaintiff has never disputed that the Rule 68 Offer was sufficient to cover any reasonable expenses he had incurred up to that point.

On April 8, 2020, Defendant filed its motion for summary judgment.[33] Plaintiff filed his response on April 29, 2020.[34] Plaintiff dismissed his breach of contract and statutory bad faith claims, leaving only the TPPCA claim.[35] Defendant replied on April 30, 2020.[36]

---

[31] Allstate's Federal Rule 68 Offer of Judgment, Exhibit F-1 to Defendant's MSJ, Docket Entry No. 21-1, p. 210.

[32] Affidavit of Sara E. Inman, Exhibit F to Defendant's MSJ, Docket Entry No. 21-1, p. 208.

[33] Defendant's MSJ, Docket Entry No. 21.

[34] Plaintiff's Response, Docket Entry No. 24.

[35] Id. at 5 ¶ 7.

[36] Defendant's Reply, Docket Entry No. 25.

## II. Standard of Review

Summary judgment is appropriate if the movant establishes that there is no genuine dispute about any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A material fact is one likely to reasonably affect the outcome of a case. Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986). The moving party is entitled to judgment as a matter of law if "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986).

A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) (quoting Celotex, 106 S. Ct. at 2553). If the moving party meets this burden, Rule 56© requires the nonmovant to go beyond the pleadings and show by admissible evidence that specific facts exist over which there is a genuine issue for trial. Id.

In establishing a genuine dispute of material fact, the party opposing summary judgment must set forth specific facts establishing a genuine dispute worthy of trial. Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992). "[C]onclusory

allegations unsupported by concrete and particular facts will not prevent an award of summary judgment." Duffy v. Leading Edge Products, Inc., 44 F.3d 308, 312 (5th Cir. 1995).

In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Products, Inc., 120 S. Ct. 2097, 2110 (2000). The court resolves factual controversies in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Little, 37 F.3d at 1075.

When a movant presents sufficient evidence that no genuine dispute of material fact exists, the burden of production shifts to the non-movant. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986). If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact, the court may:

    (1) give an opportunity to properly support or address the fact;

    (2) consider the fact undisputed for purposes of the motion;

    (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or

    (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).

## III. Analysis

### A. The Texas Prompt Payment of Claims Act (TPPCA)

The TPPCA provides that "if an insurer . . . delays payment of the claim . . . for more than 60 days, the insurer shall pay damages and other items as provided by Section 542.060." Tex. Ins. Code § 542.058(a). The next relevant section provides that "if an insurer that is liable for a claim under an insurance policy is not in compliance with this subchapter, the insurer is liable to pay . . . in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable and necessary attorney's fees." Tex. Ins. Code § 542.060(a).

The Texas Supreme Court construed these provisions in <u>Barbara Technologies Corp. v. State Farm Lloyds,</u> 589 S.W.3d 806 (Tex. 2019). In summarizing them, the court wrote that "(4) if the insurer delays payment of a claim for more than the applicable statutory period or sixty days, the insurer shall pay TPPCA damages" and "(5) an insurer that is liable for a claim under an insurance policy and violates a TPPCA provision is liable for TPPCA damages in the form of 18% interest on the amount of the claim per year, with attorney's fees." <u>Id.</u> at 813. Thus the plain text of Tex. Ins. Code § 542.060 makes clear, and the Texas Supreme Court has confirmed, that the damages available under the TPPCA consist of (1) interest on the underlying policy claim and (2) attorney's fees.

The court in <u>Barbara Technologies</u> also explained what an insurer must prove in order to prevail on a motion for summary judgment directed to a TPPCA claim. Barbara Technologies Corporation ("Barbara Tech") claimed weather-related damages to its property, but its insurer, State Farm Lloyds ("State Farm"), denied the claim. <u>Id.</u> at 809. Barbara Tech filed suit, and State Farm invoked appraisal. <u>Id.</u> at 809-10. The appraisers agreed to an award, which State Farm paid. <u>Id.</u> at 810. Barbara Tech amended its petition, leaving only its TPPCA claims. Barbara Tech claimed "statutory damages under [the TPPCA] for State Farm's alleged failure to comply with statutory deadlines for acknowledging receipt of the claim, commencing an investigation of the claim, notifying Barbara Tech of its rejection of the claim, and paying the claim." <u>Id.</u> (citing Tex. Ins. Code §§ 542.055(a)(1)-(3), .056(a), .058(a), .060).

Barbara Tech then moved for summary judgment, alleging that the insurer violated the TPPCA as a matter of law by failing to pay the claim within the Act's 60-day time limit. <u>Id.</u> (citing Tex. Ins. Code §§ 542.058, .060). State Farm filed a cross-motion for summary judgment, arguing that it did not violate the TPPCA as a matter of law because it "timely paid the appraisal award and was not liable under the policy." <u>Id.</u> Crucially, State Farm did not argue that it had paid all interest on the claim, nor did it argue that it had made any attempt to cover Barbara Tech's attorney's

-10-

fees. The trial court granted State Farms' motion, and the court of appeals affirmed. Id.

The Texas Supreme Court held that neither party could prevail on summary judgment. Id. at 809. It reversed the court of appeals' judgment because State Farm "[had] not established that it [could] owe no TPPCA damages as a matter of law." Id. The court held that

> [u]nder the TPPCA, an insurer must pay damages in the form of 18% interest on the amount of the claim and reasonable and necessary attorney's fees if it delays payment of a claim for more than the applicable statutory period or sixty days. We hold that neither State Farm's invocation of the policy's appraisal process for resolution of a dispute as to the amount of loss, nor State Farm's payment based on the appraisal amount, exempts State Farm from TPPCA damages as a matter of law.

Id. at 828-29 (citation omitted).

The court's holding in Barbara Technologies clearly establishes the burden that an insurer sued under the TPPCA must meet in order to prevail on summary judgment: The insurer must show that it can owe no TPPCA damages as a matter of law. When read in conjunction with Tex. Ins. Code § 542.060, this means that in order to prevail on summary judgment, an insurer being sued under the TPPCA must prove that it can owe neither interest nor attorney's fees.

Because State Farm failed to meet its burden, it was not entitled to summary judgment. But the Defendant in this case argues that it has already paid all interest it could have owed on

Plaintiff's claim,[37] and argues that it cannot owe Plaintiff attorney's fees as a matter of law.[38]

### B.   Interest and Attorney's Fees

Whether Defendant has proved as a matter of law that it can owe neither statutory interest nor attorney's fees under the TPPCA is largely resolved by applying the summary judgment standard outlined above. Specifically, Fed. R. Civ. P. 56(e) provides in relevant part that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion [or] grant summary judgment." The Local Rules further provide: "Failure to respond to a motion will be taken as a representation of no opposition." S.D. Tex. Civ. R. 7.4.

Unlike the insurer in <u>Barbara Technologies,</u> the Defendant in this action argues it has paid "any . . . interest Plaintiff could conceivably allege[] to be owed."[39]  Defendant attached the $4,092.04 check to its motion as evidence.[40]

---

[37]Defendant's MSJ, Docket Entry No. 21, p. 10 ¶ 9.

[38]<u>Id.</u> at 24.

[39]<u>Id.</u> at 10 ¶ 9.

[40]Allstate Checks/Check Details, Exhibit A-9 to Defendant's MSJ, Docket Entry No. 21-1, pp. 106-109.

Plaintiff provides no evidence to suggest that a greater amount of interest was owed — in fact, Plaintiff does not dispute or even mention the sufficiency of Defendant's interest payment. In the absence of any evidence or argument to the contrary, and in accordance with FRCP 56(3) and LR 7.4, the court treats as an undisputed fact that Defendant has paid any interest it might have owed.  Thus, Defendant has proved as a matter of law that it cannot owe damages in the form of statutory interest under the TPPCA.

This leaves only Plaintiff's claim for attorney's fees under Tex. Ins. Code § 542.060.  On March 24, 2020, Defendant made a Rule 68 Offer of Judgment in the amount of $10,000, which Plaintiff did not accept.[41]  Defendant argues that Plaintiff's ability to pursue attorney's fees is foreclosed by Plaintiff's rejection of Defendant's Rule 68 Offer of Judgment.[42]

Under Rule 68, "a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued."  Fed. R. Civ. P. 68(a).  "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."  Fed. R. Civ. P. 68(d).  In other words, Rule 68 allows a defendant to make an offer of judgment to a plaintiff, and makes the plaintiff who rejects such an offer and

---

[41]Defendant's MSJ, Docket Entry No. 21, p. 24 ¶ 34.

[42]<u>Id.</u> ¶¶ 34 and 35.

then fails to improve on the offer at trial liable for any post-offer costs. "The plain purpose of Rule 68 is to encourage settlement and avoid litigation." Gurule v. Land Guardian, Inc., 912 F.3d 252, 260 (5th Cir. 2018) (quoting Marek v. Chesny, 105 S. Ct. 3012, 3014 (1985)). "The Rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." Marek, 105 S. Ct. at 3014.

Where the relevant statute defines attorney's fees as part of "costs," those fees are subject to the cost-shifting provision of Rule 68. Id. Accordingly, "a plaintiff who declines a Rule 68 offer and fails to obtain a more favorable judgment may not recover attorneys' fees for postoffer legal work, just as it may not recover other postoffer costs." 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3006.2 (3d ed. 2013). Even in cases where the fee-shifting statute does not treat attorney's fees as a part of costs, a court "need not close its eyes to the reality that plaintiff's post-offer legal work produces a net loss." Id.; see also Haworth v. State of Nevada, 56 F.3d 1048, 1052 (9th Cir. 1995) ("[C]lients who refuse a Rule 68 offer should know that their refusal to settle the case may have a substantial adverse impact on the amount of attorney fees they may recover for services rendered after a settlement offer is rejected. Just because a plaintiff has a [statutory] violation in her pocket does not give her a license to go to trial,

run up the attorney fees and then recover them from the defendant.").

Defendant contends that the court should grant summary judgment because "Plaintiff cannot show he is entitled to more than $10,000 following appraisal."[43] The record supports Defendant's argument. It has already been established that Plaintiff could not recover for breach of contract or bad faith, because by Plaintiff's own admission, those claims are foreclosed under Texas law.[44] Plaintiff could not recover the replacement cost of the damaged property because Defendant paid that cost in full when it paid the appraisal award. See Ortiz v. State Farm Lloyds, 589 S.W.3d 127, 133 (Tex. 2019) ("Having invoked the agreed procedure for determining the amount of loss, and having paid that binding amount, [insurer] complied with its obligations under the policy."). Nor could Plaintiff recover interest because Defendant has also paid all interest that Plaintiff might have been owed.

Plaintiff's only remaining damages are for attorney's fees. Defendant's offer of judgment precludes recovery of attorney's fees unless Plaintiff can show that his attorney's fees at the time of the offer exceeded $10,000. As Defendant's Reply correctly points out,[45] Plaintiff did not even attempt to dispute the reasonableness

---

[43]Defendant's MSJ, Docket Entry No. 21, p. 24 at ¶ 34.

[44]Plaintiff's Response, Docket Entry No. 24, p. 5 ¶ 7.

[45]Defendant's Reply, Docket Entry No. 25, p. 3 ¶ 5.

of Defendant's offer. Therefore, in accordance with Fed. R. Civ. P. 56(e), the court treats the offer's reasonableness as undisputed. Similarly, because Plaintiff does not argue that he could recover more than $10,000 at trial, and because the record contains no support for such a recovery, the court accepts Defendant's argument that Plaintiff could not recover more than $10,000.

Because Defendant has shown that it can owe neither interest nor attorney's fees under the TPPCA, it has met its burden to prevail on summary judgment.

## IV. Conclusion and Order

For the reasons explained above, Defendant Allstate Texas Lloyd's Motion for Summary Judgment (Docket Entry No. 21) is **GRANTED**.

**SIGNED** at Houston, Texas, on this 14th day of October, 2020.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE